[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE DATEDDECEMBER 15, 1997
The plaintiff has brought an action to recover money damages for injuries allegedly sustained when he fell on the icy porch of the defendants' general store, while leaving the store after making a purchase. In the First Count, the plaintiff claims that the defendants negligently caused and permitted an icy condition to form on the porch and that their agent negligently directed the plaintiff to walk where it was not safe to do so. The Second Count sets forth a claim based on nuisance. The defendants have moved to strike the Second Count on the ground that the plaintiff has failed to allege facts sufficient to plead a claim of nuisance.
There is no claim that the plaintiff was in the exercise of a public right and therefore if a cause of action in nuisance exists, it must be based on private nuisance.
 A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. Couture v. Board of Education, 6 Conn. App. 309, 314 (1986).
Even if the plaintiff proves all of his allegations, he cannot prevail on a private nuisance theory, because he has not claimed that he was injured in relation to his ownership of a interest in land. See Webel v. Yale University, 125 Conn. 515-525 (1939).
The Motion to Strike the Second Count is granted.
HON. RICHARD A. WALSH, J.